# Case No. 16-11693

## IN THE UNITED STATES COURT OF APPEALS

## FOR THE FIFTH CIRCUIT

---

### UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

### Noe Davalos-Cobian,

Defendant - Appellant

---

On Appeal from the United States District Court
Northern District of Texas
Fort Worth Division
No. 4:16-CR-122-3

---

### Appellant's Brief

---

Francisco Hernandez
Texas bar no. 09515950
800 W. Weatherford St.
Fort Worth, TX 76102
817-335-2331
francisco@texasmexicolaw.com

# Certificate of Interested Persons

The undersigned counsel of record certifies that the following listed persons and entities have an interest in the outcome of this case. These representations are made so that the judges of this court may evaluate possible disqualification or recusal.

## Parties

United States of America

Noe Davalos-Cobian

## Counsel

*For the United States of America*

AUSA Shawn Smith (trial counsel)

AUSA Chris Wolfe (trial counsel)

AUSA James Wesley Hendrix (appellate counsel)

*For Mr. Davalos-Cobian*

Mark A. Perez (trial counsel)

Francisco Hernandez (trial and appellate counsel)


s/ Francisco Hernandez_____
Francisco Hernandez

## Statement Regarding Oral Argument

Counsel does not believe oral argument is necessary in this case. This appeal can be resolved on the paper record. However, counsel will gladly present argument if the court believes it would be helpful.

# Table of Contents

Certificate of Interested Persons .......................................................i

Statement Regarding Oral Argument .............................................iii

Table of Contents ..........................................................................iv

Table of Authorities .......................................................................vi

    Cases ........................................................................................vi

    Statutes, Rules, and Sentencing Guidelines Provisions ...........vii

Statement of Jurisdiction ..............................................................vii

Statement of the Issues ................................................................viii

Statement of the Case....................................................................1

Summary of the Argument...............................................................6

Argument and Authorities ...............................................................7

I. The district court erred by overruling Davalos-Cobian's objection to the calculation of his relevant conduct. Because his base offense level was two, if not four, levels too high and it's not clear that the district court would have imposed the same sentence, this court should vacate Davalos-Cobian's sentence and remand this case for re-sentencing. ............................................7

    Standard of Review..................................................................7

    The base offense level calculation in this case. .......................8

    The trial court erred by calculating Davalos-Cobian's relevant conduct this way..........................................................12

The case requires remand for re-sentencing. It's not clear from the record that the district court would have imposed the same sentence absent this sentencing guidelines calculation error. ...............................................................15

Conclusion .......................................................................19

Certificate of Service.......................................................20

Certificate of Compliance with Type-Volume Limitation, Typeface Requirements, and Type Style Requirements................................21

# Table of Authorities

## Cases

*Gall v. United States,*
552 U.S. 38 (2007). ..................................................................8

*United States v. Bazemore,*
608 F. App'x 207 (5th Cir. 2015). ....................................15

*United States v. Cabrera,*
288 F.3d 163 (5th Cir. 2002)...........................................13

*United States v. Castillo,*
430 F.3d 230 (5th Cir. 2005).........................................7, 8

United States v. Cisneros–Gutierrez,
517 F.3d 751 (5th Cir. 2008)............................................7

*United States v. Garcia,*
647 F.App'x 408 (5th Cir. 2016). ....................................15

*United States v. Hernandez–Montes,*
831 F.3d 284 (5th Cir. 2016)..........................................15

*United States v. Lyckman,*
235 F.3d 234 (5th Cir. 2000)............................................8

*United States v. Medford,*
194 F.3d 419 (3rd Cir. 1999)..........................................14

*United States v. Richardson,*
713 F.3d 232 (5th Cir. 2013)..........................................15

**Statutes, Rules, and Sentencing Guidelines Provisions**

18 U.S.C. § 3553(a)...............................................4, 5, 15, 16

18 U.S.C. § 3742...........................................................vii

21 U.S.C. § 841(a)(1). ......................................................1

21 U.S.C. § 841(b)(1)(B). ...................................................1

21 U.S.C. § 846. ............................................................1

28 U.S.C. § 1291...........................................................vii

## Statement of Jurisdiction

This Court's jurisdiction is based on 18 U.S.C. § 3742 as Davalos-Cobian is appealing the imposition of an otherwise final sentence imposed pursuant to the Sentencing Reform Act of 1984 and on 28 U.S.C. § 1291 as Davalos-Cobian is appealing the final judgment of conviction and sentence in the United States District Court for the Northern District of Texas. Notice of Appeal was timely.

## Statement of the Issues

I. The district court erred by overruling Davalos-Cobian's objection to the calculation of his relevant conduct. Because his base offense level was two, if not four, levels too high and it's not clear that the district court would have imposed the same sentence, this court should vacate Davalos-Cobian's sentence and remand this case for re-sentencing.

## Statement of the Case

On April 25, 2016, a sealed complaint was filed in the Northern District of Texas charging Davalos-Cobian and others with violations of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), & 846. ROA.10. On May 18, 2016, a grand jury in the Northern District of Texas returned a single-count indictment charging Davalos-Cobian and others with violating 21 U.S.C. §§ 841(a)(1), (b)(1)(B), & 846. ROA. 55.

On May 31, 2016, Davalos-Cobian appeared with retained counsel, ROA.58, for an initial appearance before a magistrate judge. ROA.70. The government had moved for detention, ROA.71, and Davalos-Cobian was detained pending a detention hearing. ROA.146. Davalos-Cobian was arraigned at the initial appearance. ROA.147. Davalos-Cobian was subsequently detained pending trial. ROA.74. After a couple of continuances, Davalos-Cobian replaced his first lawyer with current counsel. ROA.94, 95.

Davalos-Cobian decided to plead guilty and executed a factual resume with stipulated facts to support his plea. ROA.98. The district judge referred the re-arraignment to the magistrate judge,

who conducted the proceeding pursuant to Davalos-Cobian's consent, ROA.101, and made a report to the district judge recommending that Davalos-Cobian's plea be accepted. ROA.102. The district court entered an electronic order accepting the report and recommendation from the magistrate judge. ROA.5[1]

Subsequent to his plea, Davalos-Cobian wrote the court seeking new counsel. ROA.111. More specifically, he indicated to the court that his family could no longer meet their financial obligations to counsel. ROA.111. Therefore, he needed appointed counsel. ROA.112. After some back and forth between the district court and counsel about the situation between counsel and client, the district court appointed counsel under the Criminal Justice Act to avoid the time and expense of bringing in new counsel at the late stage of the proceedings: "ELECTRONIC ORDER granting 353 (p.111) Motion to Withdraw as Attorney. It is hereby ORDERED that Francisco Hernandez is allowed to withdraw as retained counsel for Noe Davalos-Cobian(3). However, to avoid the

---

[1] Docket entry 301 provides as follows: "ELECTRONIC ORDER Accepting 261 (p.102) Report and Recommendations re: Guilty Plea as to Noe Davalos-Cobian (3). (Ordered by Judge Reed C O'-Connor on 8/19/2016) (chmb) (Entered: 08/19/2016) "

needless waste of time and resources in appointing a new CJA attorney to represent Defendant Davalos-Cobian in this matter at this stage of the proceedings, the Court determines that Francisco Hernandez is hereby APPOINTED to continue to represent Defendant Davalos-Cobian until completion. The Clerk shall prepare as CJA-20 in accordance with this ORDER. (Ordered by Magistrate Judge Jeffrey L Cureton on 10/4/2016) (Magistrate Judge Jeffrey L Cureton) (Entered: 10/04/2016)" ROA.6.

The Presentence Report was prepared. ROA.191. Davalos-Cobian lodged two objections to it. One was based on the conversion of money to liquid methamphetamine, which was then converted to methamphetamine (actual) based on the purity of crystallized methamphetamine. ROA.215. Davalos-Cobian coordinated importation of methamphetamine base, which is methamphetamine in liquid form. He wasn't caught with any, but he was caught with money. That money was converted into a quantity of methamphetamine base given the prevailing prices. The PSR then took the purity of the crystal methamphetamine seized from another defendant and applied that to the liquid meth-

amphetamine base to determine an amount of methamphetamine (actual). ROA.204–05. The second objection was to the application of the "involved the importation" enhancement. ROA.217. An Addendum to the PSR issued. It rejected Davalos-Cobian's objections. ROA.225. Davalos-Cobian filed a further objection to the PSR Addendum. ROA.229.

At sentencing, the district court overruled Davalos-Cobian's objections and sentenced him to 262 months. ROA.186. This was the bottom of the sentencing guidelines range. ROA.184. The district court did not order a fine. ROA.186. In articulating its reasoning for this sentence at the sentencing hearing, the district court cited specifically only the "sophisticated nature of the defendant's role in this case" and "the expansive nature of the conspiracy as a whole" and only generally alluded to the section 3553(a) factors:

> I believe this is the appropriate sentence, given all of the facts and the circumstances, and that this sentence is sufficient, but not greater necessary, to comply with the statutory purposes of sentencing. In particular, given the sophisticated nature of the defendant's role in this case and given the expansive nature of the conspiracy as a whole, this is the sentence I otherwise would impose because I believe this sentence

serves the Court's objectives of appropriate punish-
ment, deterrents, protection of the public, so even if I'm
wrong as to the objections, this is the sentence I other-
wise would impose.

ROA.188. The reasons given in the Statement of Reasons

were much less specific:

In determining the sentence, the Court consid-
ered the advisory guidelines, as well as statutory con-
cerns listed in 18 U.S.C. § 3553(a). This sentence is suf-
ficient, but not greater than necessary, to achieve the
Court's sentencing objectives of punishment, deter-
rence, and protection of the public. Even if the guide-
line calculations are not correct, this is the sentence
the Court would otherwise impose under 18 U.S.C. §
3553.

ROA.240.

Counsel objected to the reasonableness of Davalos-Cobian's

sentence. ROA.188.

Notice of appeal was timely. ROA.123.

## Summary of the Argument

Davalos-Cobian makes one argument on appeal. He contends that the district court erred by calculating his relevant conduct and that this error requires remand for re-sentencing. Davalos-Cobian's relevant conduct was calculated by converting money to the equivalent amount of liquid methamphetamine base he was responsible for. However, the PSR didn't stop there. Instead, it converted that quantity of liquid methamphetamine base to meth-amphetamine (actual) based on the purity percentage of crystal-lized methamphetamine a codefendant was caught with. This in-creased Davalos-Cobian's base offense level by 4 levels. Davalos-Cobian objected because the purity of the crystallized meth-amphetamine wasn't representative of Davalos-Cobian's actual conduct—it wasn't even the purity of the same chemical form of methamphetamine. This requires remand for re-sentencing be-cause, though the district court stated that the sentence imposed was the sentence that would otherwise be imposed even if the rul-ing on the objection to the relevant conduct was wrong, the record does not support this. Instead, the district court offered little ex-

planation for its sentence selection. Therefore, this sentence should be vacated and this case remanded for re-sentencing.

## Argument and Authorities

**I. The district court erred by overruling Davalos-Cobian's objection to the calculation of his relevant conduct. Because his base offense level was two, if not four, levels too high and it's not clear that the district court would have imposed the same sentence, this court should vacate Davalos-Cobian's sentence and remand this case for re-sentencing.**

## Standard of Review

When an objection is raised in the district court preserving an issue for appeal, this court reviews the district court's factual findings for clear error and its interpretation and application of the Sentencing Guidelines *de novo*. *United States v. Cisneros–Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). Put another way, "A district court abuses its discretion if it bases its decision on an error of law or a clearly erroneous assessment of the evidence." *United States v. Castillo*, 430 F.3d 230, 238–39 (5th Cir. 2005) (internal quotation marks and citation omitted). This court reviews *de novo* the district court's interpretation and application of the

Sentencing Guidelines, *United States v. Lyckman*, 235 F.3d 234, 237 (5th Cir. 2000), while reviewing a district court's determinations of fact for clear error. *Castillo*, 430 F.3d at 238–39. A failure to calculate correctly the Sentencing Guidelines is a procedural error requiring remand. *Gall v. United States*, 552 U.S. 38, 46, 49–50 (2007).

**The base offense level calculation in this case.**

Paragraph 47 applied a Base Offense Level of 38 for 4.5 kilograms or more of methamphetamine (actual). The PSR calculated that Davalos-Cobian had 6.27 kilograms of methamphetamine (actual). He objected to this calculation contending that his base offense level should have been 34 or, alternatively, 36.

He was not caught with any methamphetamine, but he was caught with money. ROA.204. The PSR converted this into relevant conduct. ROA.205.

> There are no known seizures of methamphetamine that was distributed by the individual for whom Davalos-Cobian worked; therefore, the drug quantifies for Davalos-Cobian are determined based on the telephone conversations regarding the money that Sidon-Gonzalez was to give Davalos-Cobian or the couriers, which totals $54,500. The $54,500 was

derived from the average of $7,500 in paragraph 27 and $47,000 in paragraph 31. TFO Smith stated that based on recorded telephone calls, Sidon-Gonzalez paid approximately $8,000, per kilogram of methamphetamine during this conspiracy. As such, the $54,500 is equivalent to 6.81 kilograms of methamphetamine.

ROA.204–05.

Davalos-Cobian was facilitating the importation of methamphetamine base or liquid methamphetamine. ROA.205. Methamphetamine in this form isn't usable but must be converted to the salt or crystalline form for use by users. ROA.205. "Although Davalos-Cobian facilitated the shipment of liquid methamphetamine to Sidon-Gonzalez, the methamphetamine was not in 'user form' and was not further distributed in liquid form. Upon obtaining liquid methamphetamine, [co-conspirator Estevan] Sidon-Gonzalez converted it to crystalline form which he then distributed to his customers." ROA.205. Though no methamphetamine was seized from Davalos-Cobian, there were sixteen seizures of crystallized methamphetamine that were attributed to Sidon-Gonzalaz. ROA.205. Those averaged 92.1 percent pure. ROA.205. Liquid methamphetamine base was seized from another co-conspirator, Jesus Sidon, three times. ROA.205. The average

purity of the liquid methamphetamine base seized from Jesus Sidon was 48.6 percent. ROA.205.

The Presentence Report calculated Davalos-Cobian's relevant conduct as methamphetamine (actual) by applying the average purity percentage of the crystallized methamphetamine traceable to Sidon-Gonzalez to the estimated 6.81 kilograms of liquid methamphetamine base Davalos-Cobian was accountable for. This became 6.27 kilograms of methamphetamine (actual). ROA.205. In the district court, Davalos-Cobian objected to this two ways. He objected to the application of the purity percentage of the crystallized salt form to the liquid methamphetamine base that he distributed. ROA.216. Under this objection, his Base Offense Level would have been 34 as no conversion to methamphetamine (actual) would have been made. He further prospectively objected to the application of the purity percentage of a co-conspirator's liquid methamphetamine base to him as there was no demonstrated connection between the two—i.e. there was no indication that that liquid methamphetamine base was representative of the liquid methamphetamine base he distributed. ROA.216.

A PSR Addendum issued in response to these objections. The Addedum only generally responded to this objection by repeating factual averments in the original PSR:

> The defendant was involved in a conspiracy to distribute methamphetamine with Sidon-Gonzalez and others. The defendant was responsible for coordinating and facilitating the importation of liquid methamphetamine to Sidon-Gonzalez. The liquid methamphetamine was not further distributed as it was not in user form. Upon receipt of the liquid methamphetamine, Sidon-Gonzalez converted it to crystallized form which was distributed to multiple customers. The methamphetamine that was distributed had a conservative average purity of 92.1 percent, which reflects the scale of the offense.

ROA.226.

In response, Davalos-Cobian objected to the Addendum's implication that relevant conduct should be calculated as the worst case scenario:

> Implicitly, the Addendum concludes that Davalos's relevant conduct should be calculated as the worst case scenario. Here, that's the quantity of methamphetamine base he imported converted to methamphetamine (actual) based on the purity of the methamphetamine HCL it was converted to and then distributed by a codefendant. Davalos is clearly responsible for importing 6.81 kilograms of methamphetamine base, but he was not involved in the conversion or distribution of the crystalized methamphetamine that methamphetamine base was converted to. Nonetheless,

—11—

the PSR seeks to use as his relevant conduct the meth-
amphetamine (actual) resulting from the application of
the purity of the crystallized methamphetamine to the
methamphetamine base. The PSR doesn't include the
quantity of crystallized methamphetamine distributed
after the conversion from base to salt form for, pre-
sumably, several reasons including that the quantity
isn't known and it would be double-counting.

ROA.230. He noted the multiple problems with this:

> First, it's apples and oranges. Methamphetamine
> base and methamphetamine salt (the HCL or crystal
> form) are chemically two different substances, yet the
> PSR takes the purity of one and applies it to the quan-
> tity of the other to determine meth-amphetamine (ac-
> tual). Second, this is just a variant of quantity double
> counting. Calculate the relevant conduct on the meth-
> amphetamine base Davalos imported or the meth-
> amphetamine HCL that it was converted to, but don't
> take the large quantity from one and the high purity
> from the other to make the worst possible scenario.
> Third, the PSR and Addendum don't contain any facts
> showing that the purity of the methamphetamine HCL
> that the methamphetamine base was converted into
> qualifies as relevant conduct under section 1B1.3(a)(1)
> (B).

ROA.230–31.

## The trial court erred by calculating Davalos-Cobian's relevant conduct this way.

Though it's well-settled that relevant conduct need only be a

reasonable estimate, this court has approved extrapolation of rel-

evant conduct only when the multiplier used is reasonably representative of the actual conduct and the record contains sufficient indicia of reliability of this. *United States v. Cabrera*, 288 F.3d 163, 172 (5th Cir. 2002). That wasn't the case here. Davalos-Cobian wasn't handling crystallized methamphetamine; it was the liquid base form, yet the PSR applied the purity of the crystallized methamphetamine, which was 92.1%, and did so without any indication that it was representative of the purity of the liquid methamphetamine base or even recognition that it was a separate chemical form of methamphetamine. Moreover, neither the PSR nor the Addendum established that what Sidon-Gonzalez distributed was converted to crystallized methamphetamine from liquid methamphetamine base the importation of which was orchestrated by Davalos-Cobian. Thus, the record does not establish that it was representative of Davalos-Cobian's actual conduct. In fact, it's not even the same conduct, and there's no suggestion that the purities would be comparable.

(For similar reasons, Davalos-Cobian also doesn't that the purity percentage of the liquid methamphetamine base possessed

by Jesus Sidon could be used to convert his liquid meth-
amphetamine base to methamphetamine (actual). Simply put, the
PSR doesn't show that that liquid methamphetamine base was
representative of the liquid methamphetamine base Davalos-Co-
bian arranged to be imported. In any event, were it to be, his Base
Offense Level would be 36 instead of 38. 6.81 kilograms of 48.6%
pure methamphetamine would be 3.31 kilograms of meth-
amphetamine (actual), which is Base Offense Level 36.)

What's more, at least one circuit has held that when multi-
ple points in a range of relevant conduct are equally plausible,
courts should adopt the lower. *United States v. Medford*, 194 F.3d
419, 424 (3rd Cir. 1999) ("We have held that in cases in which the
fair market value ranges between two estimates and either end of
the range is equally plausible, courts generally should adopt the
lower end of the estimated range."). Here, even if it's plausible
that Davalos-Cobian's relevant conduct could be as the PSR has
calculated it, unless there's evidence supporting that calculation
over just the quantity of liquid methamphetamine he was respon-
sible for, the lesser should be used.

**The case requires remand for re-sentencing. It's not clear from the record that the district court would have imposed the same sentence absent this sentencing guidelines calculation error.**

Generally, when the district court notes that it would have imposed the same sentence under section 3553(a) even if it was wrong about its rulings on sentencing guidelines issues, that is sufficient to affirm. *E.g.*, *United States v. Richardson*, 713 F.3d 232, 237 (5th Cir. 2013); *United States v. Garcia*, 647 F.App'x 408, 410 (5th Cir. 2016). That does not save this case from remand for re-sentencing.

Merely averring that the same sentence would be imposed but for the error is not enough. *See United States v. Bazemore*, 608 F. App'x 207, 216 (5th Cir. 2015). "The government must point to evidence in the record that convincingly demonstrates the district court would impose the same sentence for the same reasons." *United States v. Hernandez–Montes*, 831 F.3d 284, 296 (5th Cir. 2016). That's a problem here.

The Statement of Reasons only generically references the section 3553(a) factors:

In determining the sentence, the Court considered the advisory guidelines, as well as statutory concerns listed in 18 U.S.C. § 3553(a). This sentence is sufficient, but not greater than necessary, to achieve the Court's sentencing objectives of punishment, deterrence, and protection of the public. Even if the guideline calculations are not correct, this is the sentence the Court would otherwise impose under 18 U.S.C. § 3553.

ROA.240. At sentencing, the district judge briefly mentioned only two points: "In particular, given the sophisticated nature of the defendant's role in this case and given the expansive nature of the conspiracy as a whole, this is the sentence I otherwise would impose … ." ROA.188.

But Davalos-Cobian's role wasn't remarkable. Rather, he arranged the shipments of liquid methamphetamine to Sidon-Gonzalez: "Davalos-Cobian worked on behalf of a UI in Mexico, and his responsibility was to facilitate shipments of methamphetamine to Sidon-Gonzalez by couriers." ROA.205. The offense generally, though involving 21 people, does not appear different than other larger-scale drug distribution offenses, and the district court noted nothing making it any different. What's more, the district court imposed a bottom-of-the-guidelines sentence.

*Compare* ROA.184 ("An imprisonment range of between 262 and 327 months.") *with* ROA.186 ("It is the judgment of the Court that the defendant is committed to the custody of the Federal Bureau of Prisons for a period of 262 months."). If this court agrees with Davalos-Cobian that his sentencing guidelines were calculated four levels too high then the bottom of his correctly calculated range would be only 168 months while the top would be only 210 months. Both of which are less than the bottom-of-the-guidelines range sentence imposed here. (And even if his relevant conduct should have been calculated with the purity of Jesus Sidon's liquid methamphetamine base applied to Davalos-Cobian's quantity that would have made his Base Offense Level 36 instead of 38. Then, the sentence imposed would have been the top rather than the bottom of the range.)

In sum, there's nothing here to demonstrate that the district court would have imposed the same sentence absent the guidelines calculation error. Rather, the Statement of Reason was bland and nondescript. At sentencing, the district court referenced two aspects of the case—one about Davalos-Cobian; one about the of-

–17–

fense generally—that don't seem to be born out by the record. If the district court was driven by a desire to impose a bottom-of-the-guidelines sentence and this court agrees with Davalos-Cobian, then the correctly calculated bottom of the range is only 168 months. (And if his Base Offense Level should have been 36, he received a top- rather than bottom-of-the-guidelines range sentence.) Therefore, this court should vacate this sentence and remand this case for re-sentencing.

# Conclusion

This court should find that the district court procedurally erred by calculating Davalos-Cobian's relevant conduct with the purity of the co-conspirator's crystalized methamphetamine applied to his liquid methamphetamine base, further find that there's no indication that the district court would have still imposed the same sentence absent the error, and vacate this sentence remanding this case for re-sentencing.

Respectfully submitted,

/s Francisco Hernandez_____
Francisco Hernandez
Texas bar no. 09515950
800 W. Weatherford St.
Fort Worth, TX 76102
817-335-2331
francisco@texasmexicolaw.com

## Certificate of Service

I certify that on May 9, 2017, I electronically filed the forego-
ing with the Fifth Circuit Court of Appeals using the CM/ECF sys-
tem sending notification of such filing to all attorneys of record.  A
paper copy of this brief was mailed to Appellant Noe Davalos-Co-
bian the same day.


s/ Francisco Hernandez_____
Francisco Hernandez

## Certificate of Compliance with Type-Volume Limitation, Typeface Requirements, and Type Style Requirements

1.  This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because:

    X     this brief contains 3,366 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), or

    ☐     this brief uses a monospaced typeface and contains [state the number of] lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.  This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

    X     this brief has been prepared in a proportionally spaced typeface using Apple Pages in 14 point Century Schoolbook with footnotes in 14 point Century Schoolbook, or

    ☐     this brief has been prepared in a monospaced typeface using [state name and version of word processing program] with [state number of characters per inch and name of type style].

s/ Francisco Hernandez_____
Francisco Hernandez

Attorney for Defendant/Appellant